UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
F I L E D
SEP 23 2005
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

CIVIL ACTION NO. 04-352-GWU

DENVER GOBLE, JR., PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

* * * * * * * * * * * * *

The Commissioner has filed a motion to alter or amend the Court's Judgment and Order entered August 15, 2005.

In the Memorandum Opinion filed in conjunction with the aforesaid order and judgment, this Court had found that substantial evidence did not support the Administrative Law Judge's (ALJ) decision to reject the opinion of the plaintiff's treating physician in favor of an opinion from a one-time examiner who did not have access to any the plaintiff's prior records. These records indicated, inter alia, that Mr. Goble had herniated discs in both the cervical and lumbosacral spines. (Tr. 108-10,147,156, 215, 280, 283, 288-93).

The Commissioner concedes that Sixth Circuit precedent requires treating physician opinions to be given great weight when they are supported by objective medical evidence. See, e.g. Jones v. Commissioner of Social Security, 336 F.3d 469,477 (6th Cir. 2003).[1] As the Court outlined in its Memorandum Opinion, there is a

---

[1]The Commissioner makes an extensive argument that Sixth Circuit cases prior to 1991 alterations to the regulations should no longer be considered good law, to the

large amount of objective evidence to support the treating physician opinion, none of which was apparently made available for review by the consultative examiner.[2] It should be unnecessary at this late date to review the long list of Court decisions detailing the reasons that a treating physician is entitled to greater weight than a one-time examiner or a non-examiner.

The Commissioner cites the case of Warner v. Commissioner of Social Security, Footnote 1, supra, in support of the motion, but the decision in that case is not contrary to the undersigned's findings in this case. In Warner, a treating physician's opinion was properly rejected under circumstances not present here, including indications that it was based on the opinion of another doctor as well as the plaintiff's own assessment of his weight lifting abilities, and that it was contradicted by the plaintiff's own testimony. Here, Dr. Lafferty opined that the plaintiff could lift up to 20 pounds, while Mr. Goble testified that he could lift only ten pounds without hurting himself (Tr. 337), so there is no obvious indication that the doctor was merely repeating his patient's statements. In

---

extent that they state treating physician opinions are binding if not contradicted by substantial evidence. This assertion would appear to be questionable in light of continued Sixth Circuit citation to these cases, as in Jones, supra; Warner v. Commissioner of Social Security, 375 F.3d 387, 390 (6th Cir. 2004) ("Generally, the opinions of treating physicians are given substantial, if not controlling, deference"), citing King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). The Commissioner appears to be arguing that the ALJ's determination of the weight to be given different physician's opinions is effectively unrestricted and non-reviewable. It is also not necessary to reach the issue under the present set of facts.

[2]State agency non-reviewing physicians did not have the benefit of a review of the treating physician's most recent notes or functional capacity assessment, and gave scant detail regarding their thought processes (Tr. 182-92, 252-9), rendering their opinions of little value. See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Much of the first non-examiner's opinion appears to have been based on a July, 2000 functional capacity evaluation, after which the plaintiff returned to work until November, 2002, when his herniated cervical disc was found (Tr. 281, 283).

other respects, such as the physician's opinion that Mr. Goble could stand only 10 minutes at a time, the restrictions are not inconsistent with the plaintiff's testimony. (Tr. 341).

In view of the very significant evidence supporting the treating physician's opinion, it is entitled to great weight. The opinion of the one-time examining source, lacking either a longitudinal treatment relationship or review of medical records, while somewhat probative, is not enough to provide substantial evidence to overcome the well-informed and objectively-supported treating opinion.

The Motion to Alter or Amend will be denied.

This the  21  day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE